# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
US DISTRICT COURT
DISTRICT OF COLORADO

2015 APR -1  PM 2: 15

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. '15  ― CV - 00681

Mazen Arakji, Plaintiff

v.

Martinez,
Becker,
Brewer,
Fayles,
Lease,
Lingle,
Sorrelles,
Austin,
John Doe 1,
John Doe 2,
John Doe 3,
John Doe 4,
John Doe 5,
John Doe 6,
John Doe 7,
John Doe 8,
John Doe 9,
John Doe 10,
John Doe 11,
John Doe 12,
John Doe 13,
John Doe 14,
John Doe 15,
John Doe 16,
John Doe 17,
John Doe 18,
Jane Doe 1,
Broomfield City and County

# COMPLAINT

I, Mazen Arakji, plaintiff, move the Court for entry of judgment in my favor against peace officers Martinez, Becker, Brewer, Fayles, Lease, Lingle, Sorrelles, Austin, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10, John Doe 11, John Doe 12, John Doe 13, John Doe 14, John Doe 15, John Doe 16, John Doe 17, John Doe 18, Jane Doe 1, and the City and County of Broomfield; and in support of such Complaint aver as follows:

# PARTIES

1.  Plaintiff Mazen Arakji is a citizen of the United States of America who presently resides at the following address: PO Box 6664 Broomfield, CO 80021

2.  Defendant Martinez is a citizen of the United States of America who presently resides at the following address: Unknown

3.  Defendant Becker is a citizen of the United States of America who presently resides at the following address: Unknown

4.  Defendant Brewer is a citizen of the United States of America who presently resides at the following address: Unknown

5.  Defendant Fayles is a citizen of the United States of America who presently resides at the following address: Unknown

6.  Defendant Lease is a citizen of the United States of America who presently resides at the following address: Unknown

7.  Defendant Lingle is a citizen of the United States of America who presently resides at the following address: Unknown

8.  Defendant Sorrelles is a citizen of the United States of America who presently resides at the following address: Unknown

9.  Defendant Austin is a citizen of the United States of America who presently resides at the following address: Unknown

10. Defendant John Doe 1 is a citizen of the United States of America who presently resides at the following address: Unknown

11. Defendant John Doe 2 is a citizen of the United States of America who presently resides at the following address: Unknown

12. Defendant John Doe 3 is a citizen of the United States of America who presently resides at the following address: Unknown

13. Defendant John Doe 4 is a citizen of the United States of America who presently resides at the following address: Unknown

14. Defendant John Doe 5 is a citizen of the United States of America who presently resides at the following address: Unknown

15. Defendant John Doe 6 is a citizen of the United States of America who presently resides at the following address: Unknown

16. Defendant John Doe 7 is a citizen of the United States of America who presently resides at the following address: Unknown

17. Defendant John Doe 8 is a citizen of the United States of America who presently resides at the following address: Unknown

18. Defendant John Doe 9 is a citizen of the United States of America who presently resides at the following address: Unknown

19. Defendant John Doe 10 is a citizen of the United States of America who presently resides at the following address: Unknown

20. Defendant John Doe 11 is a citizen of the United States of America who presently resides at the following address: Unknown

21. Defendant John Doe 12 is a citizen of the United States of America who presently resides at the following address: Unknown

22. Defendant John Doe 13 is a citizen of the United States of America who presently resides at the following address: Unknown

23. Defendant John Doe 14 is a citizen of the United States of America who presently resides at the following address: Unknown

24. Defendant John Doe 15 is a citizen of the United States of America who presently resides at the following address: Unknown

25. Defendant John Doe 16 is a citizen of the United States of America who presently resides at the following address: Unknown

26. Defendant John Doe 17 is a citizen of the United States of America who presently resides at the following address: Unknown

27. Defendant John Doe 18 is a citizen of the United States of America who presently resides at the following address: Unknown

28. Defendant Jane Doe 1 is a citizen of the United States of America who presently resides at the following address: Unknown

29.    Defendant City and County of Broomfield is a municipal corporation operating pursuant to the Constitution and the laws of the State of Colorado within the U.S. District of Colorado. The City and County of Broomfield may be served with process through the City and County Manager: Charles Ozaki, 1 DesCombes Drive Broomfield, CO 80020.

# JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. Secs 1331, 1343 (a), and 1367.

# INTRODUCTION

This is a civil action under 42 U.S.C. 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving me of rights secured under the Constitution and laws; and, in supplement, for personal injuries suffered due to willful and wanton violations of state laws.

I, Mazen Arakji of Colorado hereby assert the following claims against the defendants in the above-entitled action:

1. violation of 42 U.S.C. 1983: Fourth Amendment - unlawful arrest
2. violation of 42 U.S.C. 1983: Federal Rule of Criminal Procedure Rule 4 - failing to show original or duplicate warrant
3. violation of 42 U.S.C. 1983: Federal Rule of Criminal Procedure Rule 5 - intentional unnecessary delay in detention before bringing defendant before magistrate judge or state or local judicial officer
4. violation of 42 U.S.C. 1983: Fourth Amendment - excessive force
5. violation of 42 U.S.C. 1983: Fourth Amendment - malicious prosecution
6. violation of 42 U.S.C. 1983: Fourteenth Amendment - equal protection of laws
7. violation of 42 U.S.C. 1983: Fourteenth Amendment - substantive due process
8. violation of 42 U.S.C. 1985 - conspiracy
9. failure to train
10. failure to supervise
11. intentional infliction of emotional distress
12. malicious prosecution
13. violation of C.R.S. 18-3-303: false arrest and imprisonment
14. violation of C.R.S. 18-3-206: assault
15. violation of C.R.S. 16-2-109: service of summons
16. violation of C.R.S. 16-2-104: issuance of summons and complaint
17. violation of C.R.S. 18-8-111: false reporting to authorities
18. violation of C.R.S. 18-2-101: criminal attempt to falsely imprison
19. violation of C.R.S. 16-3-402: denied right to communicate with attorney and family
20. violation of C.R.S. 18-5-102: forgery
21. violation of C.R.S. 18-9-111: harassment

# FACTS

1.  I, Mazen Arakji, am a 33 year old male with no previous criminal record.  I am a graduate of the University of Colorado Boulder where I earned a Bachelors (May 2004, GPA 3.3) and Masters (December 2006, GPA 3.7) in Electrical and Computer Engineering.  I also completed the Embedded Systems Engineering certificate program at the University of California Irvine (December 2011, GPA 4.0).  I hold the following certifications:
    1.  Embedded System Design (University of Colorado Boulder: Dec 2006)
    2.  R&D Engineering Management (University of Colorado Boulder: Dec 2006)
    3.  Software Engineering (University of Colorado Boulder: May 2007)
    4.  SCJP Sun Certified Java Programmer (Sun Microsystems: March 2008)
    5.  SCWCD Sun Certified Web Component Developer (Sun Microsystems: Feb 2010)
    6.  Embedded Systems Engineering (University of California Irvine: Dec 2011)

2.  In addition to an excellent academic record, I have enjoyed success professionally.  At Sun Microsystems (now Oracle), I was promoted within 6 months of being hired, and accepted into the selective Sun Engineering Enrichment & Development (SEED) program designed for individuals with a high potential to excel.  Additionally, previous employers have written letters commending my performance and contributions.  I believe I possess a unique combination of technical knowledge and business acumen.

3.  In December of 2013, an unsuccessful business venture forced me to vacate my apartment in Broomfield CO due to an inability to pay rent.  I moved my belongings to Broomfield Storage, at 7101 W 117th Avenue, Broomfield, CO 80020.  This is an enclosed, electronically gated self storage facility with 24 hour access.  In order to open the gate, a valid code must be entered on the keypad at the facility entrance.  In the evenings, I would sleep in my car in the storage facility.  During the day, I had a part time job at Macy's in menswear.

4.  In February of 2014, I discovered www.coursera.org, that offers massive open online courses (MOOCs) taught by the best professors from among the most prestigious universities in the world for free.  I decided to enroll in four Computer Science coursers: Machine Learning, Compilers, Cryptography I, and Algorithms I; all offered by Stanford University.  In addition to regular assignments and examinations, all courses had significant programming assignments and projects.  The first course, Machine Learning, began on March 1st 2014.

# FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

5.  On April 29th 2014, at some time between 10:00 pm and 11:45 pm, I was confronted by two peace officers while I was in my vehicle in Broomfield Storage.  Broomfield Storage is at 7101 W 117th Avenue, Broomfield, CO 80020.  It is an enclosed, electronically gated self storage facility with 24 hour access, and in order to open the gate, a valid code must be entered on the keypad at the facility entrance.  The two peace officers had entered the facility by jumping over the enclosing fence.  One of the peace officers is officer Martinez. The other is officer John Doe 1.  They asked to see my license.  I complied.  John Doe 1 ordered me to vacate the facility due

to a 'no camping ordinance in Broomfield'.  I told them that I was not camping and declined to be forced to move.  They called there sergeant John Doe 2 to the scene.  He also did not have a valid code to open the gate and had to enter by jumping the enclosing fence.  Sergeant John Doe 2 ordered me to show him my storage unit.  I did by walking over to it and unlocking it.  He said that I still had to vacate the storage facility.  I told him I would not.  He told me to show him my contract with the Storage Facility.  I told him I was under no obligation to do this.  At this point, he ordered John Doe 1 to arrest me.  Subsequently, I was arrested by John Doe 1 for trespassing.  He handcuffed me with my arms behind my back.  Officer Martinez searched my pockets.

6.   The officers acted under color of law.   They deprived me of my right to not be seized unreasonably.  No reasonable officer can conclude that I was trespassing since it is impossible to enter the storage facility in a car without a valid code.  This arrest charge was dropped in the Broomfield Detention Center and  would ultimately never make it to court.

7.   The officers acted with willful, wanton, and malicious intent.  Their purpose was to prove their control over me by forcing me to move and disrupt my peace.  This is evidenced by John Doe 1's initial statement about the 'no camping ordinance in Broomfield', and sergeant John Doe 2's refusal to leave me in peace even after complying with his order to show my storage unit.

8.   Officer John Doe 1 violated my Fourth Amendment right.


# SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

9.   I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

10.  Officer Martinez acted with deliberate indifference to my unlawful arrest *See* Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995) (conscious shocking deliberate indifference actionable under 42 U.S.C. 1983).

11.  Officer Martinez violated my Fourth Amendment right.

# THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

12. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

13. Officer Martinez conspired with officer John Doe 1 and with sergeant John Doe 2 to directly deprive me of privileges and immunities under the laws.

14. Officer Martinez violated 42 U.S.C. 1985.

# FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

15. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

16. Sergeant John Doe 2, as acting supervisor, and through proximate cause, is liable for my unlawful arrest.

17. Sergeant John Doe 2 violated my Fourth Amendment right.

# FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

18. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

19. Officer John Doe 1 knowingly confined and detained me without my consent and without legal authority.

20. Officer John Doe 1 violated C.R.S. 18-3-303.

## SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

21. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 18-20 with the same force and effect as if herein set forth.

22. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

23. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

24. I was transported to the Broomfield Detention Center.  I exercised my right to remain silent in face of the maliciously unlawful arrest.  Upon arriving at the Broomfield Detention Center, when I refused to speak with any of the officers there - I was violently pushed and shoved by officer Lease into a solitary cell with a small window.

25. I did not resist the officers seizing me.  Officer Lease acted under color of law.  This excessive use of force was a form of punishment implemented for refusing to speak with the officers.  I had therefore been, deprived of my fundamental right to not be handled violently without due process of the law.  No reasonable officer would become violent with a detainee that was peacefully remaining silent. *See* Bell v. Wolfish, 441 U.S. 520, 535-39 (1979) (the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

26. Officer Lease deprived me of my Fourteenth Amendment right of substantive due process.

## EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

27. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 1-26 with the same force and effect as if herein set forth.

28. I was detained over night in the Broomfield Detention Center for approximately 13 hours, and not released until 12:30 pm on April 30th 2014.  As a result I was forced to be absent from my job at Macy's and I lost an attendance credit.

29. During the course of my detainment, several detainees that had arrived after me were processed before me.  I exercised my right to remain silent in the face of the maliciously unlawful arrest.

The detention officers, including officers Lease, Jane Doe 1, and John Doe 3, under pretense, offered interpretation services even though I had spoken to officer John Doe 1, sergeant John Doe 2, and officer Martinez in English; and I never replied to any of the detention officers in another language. They put an Arabic speaking person on the phone who kept asking me to reply in order for them to help me. I remained silent. However, this was a racist tactic to get a reaction from me. Furthermore, they claimed that they needed my information in order to book me, even though I had provided my driver's license to the arresting officers.

30. The detention officers acted under color of law. I was intentionally and unnecessarily delayed without being brought forth before a magistrate judge or state or local judicial officer, when no statute permits this. This was done with the purpose of breaking me down in order to elicit a reply or reaction from me that could later be used against me. No reasonable officer would purposefully delay detainment in order to punish, instead of moving through the legal process.

31. Officer John Doe 3 was the senior most detention officer.

32. Officer John Doe 3 violated Federal Rule of Criminal Procedure Rule 5.


# NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

33. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 27-31 with the same force and effect as if herein set forth.

34. Officer John Doe 3 deprived me of my Fourteenth Amendment right of substantive due process.


# TENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

35. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 27-31 with the same force and effect as if herein set forth.

36. Officer John Doe 3 deprived me of my Fourth Amendment right.

# FACTS

37. I was released the following day April 30th 2014 at approximately 12:30 pm. I was not charged with trespassing.

38. While receiving my belongings that were on my person at the time of the detention, a peace officer informed me that while I was detained, he went and spoke to the manager of Broomfield Storage, Jack, and informed him that I was sleeping there in my car in the evenings. He told me that he had ordered him to put up signs to forbid overnight stays.

39. The manager did not put up signs, and therefore, I continued to sleep in my car at the storage facility. However, at this point I began to lose my sense of security around all peace officers. My sense of security was shaken. I was not able to realize this immediately. Instead I continued to function in a state of diminished focus. I was still engaged in my online Computer Science courses offered by coursera, and also did not immediately realize how learning in an insecure environment would naturally be hindered. Before being arrested I had near perfect scores. I was able to complete Machine Learning which ended in the beginning of May 2014 with an A. However, in mid May 2014, immediately prior to the final examinations of Compilers and Cryptography I, I began to become anxious of a new confrontation and arrest with the Broomfield officers. In order to feel secure in my own person, and actually beyond my budget, I sought motel accommodations outside of Broomfield. I was unable to complete the Compilers course, and only received a C and B in Cryptography I and Algorithms I, respectively. These results fall below the expectation for someone with my background.

40. I did not feel safe parking my car in the night at Broomfield Storage and was unsure of where I could park my car, and unsure of my next steps in my life. I stayed in various parking lots, and although I was never illegally parked, I was confronted by Broomfield peace officers in the Walmart parking lot and in the Kohl's parking lot in Broomfield  In the Walmart parking lot I was confronted by officer Fayles at only 10:30 pm (approximately). This was on the first night that I was forced to stay out of the storage facility due to Broomfield police ordering the manager of the facility to put up signs forbidding overnight stays. I was trying to complete a programming assignment for the Algorithms I course that was to end in mid June 2014. I told him that I was completing an assignment. He said: in order to get a job? Officer Fayles knew who I was and that the Broomfield police had succeeded in getting me out of the storage facility. In the Kohl's parking lot, I was confronted by officer Barracaux. He asked to see my driver's license. I complied. He told me that I had to leave the parking lot. I told him there was not sign that restricted parking there. Then he left. These experiences only lessened my sense of security and caused me to resume the motel solution for the evenings. In the mornings, I would return to Broomfield Storage to retrieve various belongings before heading to my job at Macy's

41. On June 11 2014, I received a notice to vacate from Jack, Broomfield Storage manager. He subsequently put up signs not allowing overnight parking. I moved my belongings to a near-by storage facility, Broomfield Ministorage.

42. I could no longer afford motels.

43. I enrolled in Algorithms II offered by Stanford through coursera.

## ELEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

44. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 5-7 with the same force and effect as if herein set forth.

45. On June 22nd 2014, while parked in the parking lot of Industrial Park, a recreational park near Broomfield Ministorage, I was awoken by officer Martinez aggressively banging on my window at approximately 2 am.  I refused to speak with him.  He aggressively shouted that: This time I really was trespassing, and that if I did not role down the window, he would break it and drag me out.  He also stated that it was after hours to be in the park.  I rolled down my window and he ordered me to vacate the parking lot.  I did.

46. Broomfield Municipal code does forbid parking in the parking lot of a city park between the hours of 11 pm - 5 pm.  However, C.R.S. 42-4-1204 requires a 'no parking' sign in order to prohibit parking in a parking lot.  There was no such sign.  Furthermore, a parking violation does not require a citizen to communicate with a peace officer.  Nor does it require immediate relocation of the vehicle.  The penalty for a parking violation is a parking ticket.

47. Officer Martinez accused me of trespassing in the park, even though he woke me up while I was sleeping in my car.  Officer Martinez acted under color of the law.  Officer Martinez assaulted and threatened me with a visible deadly weapon.  I was deprived of a fundamental right to not be violently threatened and intimidated without due process of the law.  All reasonable officers would leave a parking ticket for an illegally parked car.

48. Officer Martinez's actions were willful, wanton, and malicious  This is evidenced by his partaking in the wrongful arrest for trespassing in Broomfield Storage and his persistence in following me.  Also the difference between trespassing and illegal parking is clear.  Further, the legal penalty for a parking violation i.e. the parking ticket, is widely known, yet instead he threatened with taking me to jail.

49. Officer Martinez deprived me of my Fourteenth Amendment right of substantive due process.

## TWELFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

50. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 44-48 with the same force and effect as if herein set forth.

51. Officer Martinez violated C.R.S. 18-3-206 (b).

# THIRTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

52. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 50-51 with the same force and effect as if herein set forth.

53. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# FOURTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

54. On July 1st 2014 at approximately 10:15 pm while parked on the east side of Tellar Street immediately south of 116th Avenue in Broomfield CO, I was confronted by officer Becker. He had turned on his lightbars and parked behind me. He proceeded to aggressively bang on my window and shout for me to roll down the window. He said: There is no camping in Broomfield. I began to record the situation on my phone. When officer Becker saw this, he asked if I was in need of assistance.

55. Officer Becker was not there to inquire if I needed assistance. This is evidenced by him turning on his lightbars and his aggressive banging and orders to roll down my window. Furthermore when I refused to acknowledge him, he continued his aggression. The entire ordeal lasted for approximately 30 minutes.

56. Officer Becker acted under color of the law. Officer Becker assaulted and threatened me with a visible deadly weapon. I was deprived of my fundamental right to not be violently intimidated without due process of the law. All reasonable officers would leave alone the citizen, peacefully and lawfully parked in a car, that did not have probable cause for committing a crime and did not wish to be disturbed.

57. Officer Becker's actions were willful, wanton, and malicious. Being parked on a public street is not illegal. Peace officers cannot turn on their lightbars and intimidate a citizen if no law has been broken. And the failed deviousness of officer Becker when observing that he was being recorded in asking if I was in need of assistance, is further proof of his bad faith.

58. Officer Becker deprived me of my Fourteenth Amendment right of substantive due process.

# FIFTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

59. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 54-57 with the same force and effect as if herein set forth.

60. Officer Becker violated C.R.S. 18-3-206 (b).

# SIXTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

61. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 59-60 with the same force and effect as if herein set forth.

62. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# SEVENTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

63. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 44-48 with the same force and effect as if herein set forth.

64. On July 5th 2014 at approximately 11:30 pm, while I was asleep in my car and parked on the east side of Tellar Street immediately south of 116th Avenue in Broomfield CO, I was awoken by officer Martinez and officer John Doe 4. I was awoken by a loud banging on my window. I immediately began to record the situation on my phone.

65. I did not acknowledge the peace officers. Both officers Martinez and John Doe 4 continued to bang on my window and shout that I had to move my car. They ordered me to roll down my window. I heard them deliberate on what charge to accuse me of. Officer Martinez said: trespassing. The entire ordeal lasted approximately 30 minutes.

66. Both officers Martinez and John Doe 4 acted under color of the law. They assaulted and threatened me with a visible deadly weapon. I was deprived of my fundamental right to not be violently intimidated without due process of the law. All reasonable officers would leave alone the citizen, peacefully and lawfully parked in a car, that did not have probable cause for committing a crime and did not wish to be disturbed.

67. Officer Martinez's and John Doe 4's actions were willful, wanton, and malicious. Being parked on a public street is not illegal. Peace officers cannot persistently intimidate a citizen if no law

has been broken.  Furthermore the willful, wanton, and malicious nature of officer Martinez's actions is evidenced by officer Martinez's involvement in the unlawful arrest in Broomfield Storage on April 29th 2014 and his assault on June 22nd 2014.

68. Officer Martinez deprived me of my Fourteenth Amendment right of substantive due process.

# EIGHTEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

69. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 63-67 with the same force and effect as if herein set forth.

70. Officer John Doe 4 deprived me of my Fourteenth Amendment right of substantive due process.

# NINETEENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

71. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 63-67 with the same force and effect as if herein set forth.

72. Officer Martinez violated C.R.S. 18-3-206 (b).

# TWENTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

73. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 71-72 with the same force and effect as if herein set forth.

74. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## TWENTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

75. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 63-67 with the same force and effect as if herein set forth.

76. Officer John Doe 4 violated C.R.S. 18-3-206 (b).

## TWENTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

77. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 75-76 with the same force and effect as if herein set forth.

78. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## TWENTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

79. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 63-67 with the same force and effect as if herein set forth.

80. When the officers Martinez and John Doe 4 observed that they were being recorded, they calmed down. Officer Martinez left some papers on my windshield. Officers Martinez and John Doe 4 left the scene.

81. I retrieved the papers and discovered that they were a summons and complaint to appear in court for trespassing. In the box labeled 'signature of defendant receipt of service', officer Martinez entered: refused to sign, personally served. I did not refuse to sign, and I was not personally served. C.R.S. 16-2-109 does not allow a summons to be served by leaving it on a windshield. Officer Martinez falsified the summons and complaint document.

82. Officer Martinez acted under color of law. His actions were willful, wanton, and malicious. This is evidenced by his involvement in the unlawful arrest in Broomfield Storage on April 29th 2014 and his assault on June 22nd 2014.

83. Officer Martinez deprived me of my Fourteenth Amendment right of substantive due process.

# TWENTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

84. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 79-82 with the same force and effect as if herein set forth.

85. Officer Martinez violated C.R.S. 18-5-102.

# TWENTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

86. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 84-85 with the same force and effect as if herein set forth.

87. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# TWENTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

88. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 79-82 with the same force and effect as if herein set forth.

89. C.R.S. 16-2-104 does not allow a peace officer to issue a summons and complaint without probable cause. Sleeping in a vehicle on a public street does not constitute probable cause for trespassing.

90. Officer Martinez acted under color of law. No reasonable officer can conclude that the occupant of a vehicle parked on a public street has been trespassing. His actions were willful, wanton, and malicious. This is evidenced by officer Martinez's involvement in the unlawful arrest in Broomfield Storage on April 29th 2014 and by his assault on June 22nd 2014.

91. Officer Martinez deprived me of my Fourteenth Amendment right of substantive due process.

## TWENTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

92. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 88-90 with the same force and effect as if herein set forth.

93. Officer Martinez violated C.R.S. 16-2-104.

## TWENTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

94. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 92-93 with the same force and effect as if herein set forth.

95. By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## TWENTY NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

96. On July 31st 2014 at approximately 12:15 am while parked on the north side of 118th Avenue immediately west of Main Street in Broomfield CO, I was violently awoken by officer Becker banging on my window. His banging almost broke my window as he continued to shout for me to open the door. Franticly, I tried to find my phone to record the situation. I was only barely able to.

97. As he left the scene, I saw that there had been another police vehicle present. They loudly honked their horns and skidded their tires as they sped off.

98. I was in a state of shock in the following minutes and unable to rest in my seat.

99. Officer Becker acted under color of the law. Officer Becker assaulted and threatened me with a visible deadly weapon. I was deprived of my fundamental right to not be violently intimidated without due process of the law. No reasonable officer would believe that it is lawful to act in this way towards a citizen.

100.    Officer Becker's actions were most excessively willful, wanton, and malicious, with a purposeful disregard to civilized society.  Peace officers cannot intimidate a citizen if no law has been broken.

101.    Officer Becker deprived me of my Fourteenth Amendment right of substantive due process.

# THIRTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

102.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 96-100 with the same force and effect as if herein set forth.

103.    Officer Becker violated C.R.S. 18-3-206 (b).

# THIRTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

104.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 102-103 with the same force and effect as if herein set forth.

105.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# THIRTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

106.    On August 21st 2014 at approximately 12:15 am, while parked in a parking lot on the north side of 120th Avenue between Vrain Street and Sheridan Blvd, in Broomfield CO, I was awoken by John Doe 5 and John Doe 6.  They had their lightbars on and were banging on my window.  As I tried to take a picture of John Doe 5 he kept flashing his flashlight in my face in an attempt to evade his picture being taken and also to disorient me.

107.    The parking lot did not have any signs forbidding parking overnight.  The only sign was one that disallowed trucks from parking overnight.

108.    I remained in my car and they continued to harass me by banging on my window and shouting.  The entire ordeal lasted over 15 minutes.

109.     Both officers John Doe 6 and John Doe 5 acted under color of the law.  They assaulted and threatened me with a visible deadly weapon.   I was deprived of my fundamental right to not be violently intimidated without due process of the law.  All reasonable officers would leave alone the citizen, peacefully and lawfully parked in a car, that did not have probable cause for committing a crime and did not wish to be disturbed.

110.     Officer John Doe 5's and John Doe 6's actions were willful, wanton, and malicious. Being parked in a parking lot that does not have a sign restricting parking is not illegal.  Peace officers cannot intimidate a citizen if no law has been broken.

111.     Officer John Doe 5 deprived me of my Fourteenth Amendment right of substantive due process.

# THIRTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

112.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 106-110 with the same force and effect as if herein set forth.

113.     Officer John Doe 6 deprived me of my Fourteenth Amendment right of substantive due process.

# THIRTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

114.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 106-110 with the same force and effect as if herein set forth.

115.     Officer John Doe 5 violated C.R.S. 18-3-206 (b).

# THIRTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

116.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 114-115 with the same force and effect as if herein set forth.

117.     By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# THIRTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

118.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 88-90 with the same force and effect as if herein set forth.

119.     On August 25th 2014, at approximately 10:00 pm, while heading south on Wolff Street, and upon reaching 121st Avenue, I was stopped by officer Fayles for running a stop sign. However, I only did not come to a full stop as the visibility of the sign is obstructed by trees. Also 121st Avenue is actually almost an extension of the Walmart parking lot.

120.     Officer Fayles asked to see my driver's license and registration.   I complied. Subsequently, I saw officer Martinez come to the passenger window.  Officer Fayles ordered me to lower my passenger window.  I complied.  Then officer Fayles and officer Martinez told me to wait in the car.  I began to record the situation on my phone.  Officer Fayles returned and asked me to exit the vehicle.  He then said: you have a warrant for your arrest for trespassing for failure to appear.  He ordered me to put my hands behind my back.  I complied.  He handcuffed me and put me in the back of his car.  The trespassing charge was the one issued by officer Martinez on July 5th 2014.  This charge would ultimately be dismissed by the county court.

121.     Officer Martinez unlawfully arrested me by proximate cause.   Through the illegal summons and complaint that was unlawfully served upon me and that was not based on probable cause, Martinez is liable for the consequences, as they were attributable to reasonably foreseeable intervening forces, including this act by officer Fayles. *See Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012) (the requisite causal connection is satisfied if the defendant "set in motion a series of events" he knew or reasonably should have known would cause third parties to violate the plaintiff's constitutional rights").

122.    Officer Fayles had confronted me previously and harassed me in the Walmart parking lot in Broomfield.  This was on the first night that I was forced to stay out of the storage facility, due to Broomfield police ordering the manager of the facility to put up signs forbidding overnight stays.  I was confronted by officer Fayles at approximately 10:30 pm.  Officer Fayles knew who I was and had pursued me purposefully. At the Walmart parking lot.  He told me: you are on my time now.  I was trying to complete a programming assignment for the Algorithms I course in June 2014.  I told him that I was completing an assignment.  He said: in order to get a job?

123.    Not only are citizens free, if no law forbids it, to reside in their vehicles and pursue their educational and intellectual advancement for no other reason than to indulge in their own humanity, they are in fact free to reside in their vehicles for no reason at all, if no law forbids it.

124.    The officers acted under color of law.  They deprived me of my right to not be seized unreasonably.  No reasonable officer can conclude that I was trespassing when officer Martinez issued the summons and complaint alleging that.  Officer Fayles conspired in my unlawful arrest.  This is evidenced by the near-frivolous traffic stop that was initiated by Fayles and his previous harassment.

125.    The officers acted with willful, wanton, and malicious intent.  Their purpose was to prove their control over me by forcing me to bend to their will and disrupting my peace.  This is evidenced by officer Martinez's involvement in the unlawful arrest in Broomfield Storage on April 29th 2014, his assault on June 22nd 2014, his assault on July 5th 2014, and his unlawful summons and complaint issuance and delivery on July 5th 2014.  Also it is evidenced by officer Fayles' harassment in the Walmart parking lot in mid June 2014.

126.    Officer Martinez violated  my Fourth Amendment right.


# THIRTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

127.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 118-125 with the same force and effect as if herein set forth.

128.    Officer Fayles conspired with officer Martinez.

129.    Officer  Fayles violated  my Fourth Amendment right.

# THIRTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

130.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 118-125 with the same force and effect as if herein set forth.

131.    Officer Fayles conspired with officer Martinez to directly deprive me of privileges and immunities under the laws.

132.    Officer Fayles violated 42 U.S.C. 1985.

# THIRTY NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

133.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 118-125 with the same force and effect as if herein set forth.

134.    Officer Martinez, through proximate cause, knowingly confined and detained me without my consent and without legal authority.

135.    Officer Martinez violated C.R.S. 18-3-303.

# FORTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

136.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 133-135 with the same force and effect as if herein set forth.

137.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# FORTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

138.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 118-125 with the same force and effect as if herein set forth.

139.    While siting in the back of officer Fayles' car I began to shout that I wanted to see the warrant.  When officers Fayles and Martinez heard me, they opened the door, and I told them I wanted to see the warrant.  They said I would see it in the jail.  I told them, that I wanted to see it now.  I put my leg out of the opened door.  The officers told me to put my leg in.  I did not comply.  One of the officers punched my thigh.  I put my leg back in to the car and they closed the door.

140.    They then proceeded to discuss placing a hobble on me, even though I was sitting peacefully in the back of the car.  They opened the door and violently handled me, and forced me on my knees.  They then placed the hobble on me and threw me back into the car.

141.    I was charged with trespassing by officer Martinez and charged with interference by both officers Martinez and Fayles.  I would later have to appear in court for these charges.

142.    The officers acted under color of the law.  They utilized unnecessary force in their arrest.  No reasonable officer would take one who is locked in the back of a police car and sitting peacefully, out of the car in order to rough him up and place a hobble on him.  They deprived me of my right to not be seized unreasonably.  *See* Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (reasonableness is evaluated based on "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight").

143.    The officers' actions were willful, wanton, and malicious.  They were looking for an excuse to utilize unnecessary force.  This is evidenced by officer Martinez's involvement in the unlawful arrest in Broomfield Storage on April 29th 2014, his assault on June 22nd 2014, his assault on July 5th 2014, and his unlawful summons and complaint issuance and delivery on July 5th 2014.  Also it is evidenced by officer Fayles' harassment in the Walmart parking lot in mid June 2014.

144.    Officer Martinez violated my Fourth Amendment right.

# FORTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

145.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 138-143 with the same force and effect as if herein set forth.

146.    Officer Fayles violated my Fourth Amendment right.

# FORTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

147.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 119-125 and paragraphs 139-143 with the same force and effect as if herein set forth.

148.     At the Broomfield Detention Center, I was not shown the warrant.

149.     Officer Fayles acted under color of the law.   No reasonable police officer would knowingly refuse to present the arrest warrant to the one that was arrested.

150.     Officer Fayles violated Federal Rule of Criminal Procedure Rule 4.

# FORTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

151.     On August 25th 2014 at approximately 11 pm, upon arrival to the Broomfield Detention Center I exercised my right to remain silent.   I did not resist any of the officers. My eyeglasses where stripped from me by detention officer John Doe 7.

152.     Through out my time there, I was partially-blinded and unable to see the clock on the wall, and therefore, I lost track of time and became very disoriented.   Other detainees were able to keep their eyeglasses, and I was able to keep my eyeglasses the last time I was there.

153.     Officer John Doe 7 acted under color of law.   He purposefully stripped me of my eyeglasses in order to disorient me.   This was a form of punishment for refusing to speak with the detention officers.   I was deprived of my fundamental right to not be punished before being convicted without due process of the law. No reasonable officer would purposefully disable a detainee that was peacefully remaining silent. *See* Bell v. Wolfish, 441 U.S. 520, 535-39 (1979) (the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

154.     Officer John Doe 7 deprived me of my Fourteenth Amendment right of substantive due process.

# FORTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

155.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 1-154 with the same force and effect as if herein set forth.

156.     I was detained over night in the Broomfield Detention Center.  I was still being detained on August 26 2014 at 12 pm.  I was able to confirm this by looking at a detention officer's watch, as my eyeglasses had been stripped from me upon arrival without just cause.

157.     During the course of my detainment, several detainees that had arrived after me were processed before me.   I exercised my right to remain silent in the face of all unlawful, malicious, willful, and wanton acts of the Broomfield peace officers.   The detention officers, including officers Lease, Jane Doe 1, and John Doe 3, kept asking me: where were you born?  Also, under pretense, they offered interpretation services even though I had spoken to officers Fayles and Martinez in English; and I never replied to any of the detention officers in another language.   They brought it an Arabic speaking person who kept asking me to reply so that they could help me.  This was a racist tactic in order to get a reply from me.   Also Jane Doe 1 said: we know about you, we know you have a Masters degree from CU Boulder.

158.     The detention officers acted under color of law.  I was intentionally and unnecessarily delayed without being brought forth before a magistrate judge or state or local judicial officer, when no statute permits this.  This was done with the purpose of 'breaking me down' in order to elicit a reply or reaction from me that could later be used against me.  No reasonable officer would purposefully delay detainment in order to punish, instead of moving through the legal process.

159.     Officer John Doe 3 was the senior most detention officer.

160.     Officer John Doe 3 violated Federal Rule of Criminal Procedure Rule 5.

# FORTY SIXTH FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

161.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 155-159 with the same force and effect as if herein set forth.

162.     Officer John Doe 3 deprived me of my Fourteenth Amendment right of substantive due process.

# FORTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

163.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 155-169 with the same force and effect as if herein set forth.

164.     Officer John Doe 3 deprived me of my Fourth Amendment right.

# FORTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

165.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 1-164 with the same force and effect as if herein set forth.

166.     I was detained over night in the Broomfield Detention Center. I was still being detained on August 26 2014 at 12 pm. I was able to confirm this by looking at a detention officer's watch, as my eyeglasses had been stripped from me upon arrival without just cause.

167.     At approximately 1 pm officer John Doe 8 opened the door to my cell. I told him that the delay in my detainment was unlawful. I told him that I was now free to leave. I told him to give me back my belongings. He placed his hand on his gun. I proceeded to walk past him. He stopped me physically. I still tried to move past him, but never violently.

168.     At this point 2 more officers, John Doe 9 and John Doe 10 entered the cell and violently subdued me by throwing me to the floor and holding me down facing the floor. Officer Lease tased on my abdominal area several times me while I was subdued by officers John Doe 8, John Doe 9, and John Doe 10.

169.     This excessive use of force was a deprivation of my fundamental right to not be intentionally inflicted with unnecessary pain. *See* Walton v. Gomez *(In re* Estate of Booker), 745 F.3d 405,436 (10th Cir. 2014) (detainee tased when subdued is excessive). The taser burns left marks upon my body, and subsequently I could smell the burning of my own flesh. The Good Samaritan Hospital in Lafayette confirmed the taser burns on my body in a written report. I was strapped to a chair and moved to a solitary cell. Also excessive force upon a pretrial detainee that amounts to punishment is actionable under the Due Process Clause of the Fourteenth Amendment. *See* Bell v. Wolfish, 441 U.S. 520, 535-39 (1979) (the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

170.     Officer Lease acted under color of law. No reasonable officer would inflict pain upon a subdued citizen that is physically subdued such that he is1 incapable of being a threat.

171.     Officer Lease deprived me of my Fourteenth Amendment right of substantive due process.

## FORTY NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

172. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 165-170 with the same force and effect as if herein set forth.

173. The officers left me in the cell and locked the door.

174. Officers John Doe 3, John Doe 18, and Jane Doe 1 took me out of my cell and strapped me to a chair. I was strapped on all my limbs, my body, and my head. I was taken to a solitary cell.

175. Officers John Doe 3, John Doe 18, and Jane Doe 1 acted under color of law. There is no reason to further restrain one who is already locked in a cell. They wanted to provoke me in order to use the taser on me again. No reasonable officer would take one out from a locked cell, in order to strap them in a chair. My right to be free from undue punishment was violated. *See* Bell v. Wolfish, 441 U.S. 520, 535-39 (1979) (the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

176. Officer John Doe 3 deprived me of my Fourteenth Amendment right of substantive due process.

## FIFTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

177. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 172-175 with the same force and effect as if herein set forth.

178. Officer John Doe 18 deprived me of my Fourteenth Amendment right of substantive due process.

## FIFTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

179. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 172-175 with the same force and effect as if herein set forth.

180. Officer Jane Doe 1 deprived me of my Fourteenth Amendment right of substantive due process.

# FIFTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

181.     I was detained for a second night at the Broomfield Detention Center, and was still being detained on August 27th 2014.

182.     I asked officer Lease for a phone call.  She met with John Doe 11 and then told me that I first had to sign a document.  I declined, and was therefore denied a phone call.

183.     C.R.S. 16-3-402 protects people arrested by allowing them telephone calls.  Officer Lease deprived me of equal protection of the laws by denying my right to a phone call.  *See* Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989) (prior cases recognized successful "class of one" claims where plaintiff alleges intentionally different treatment from others similarly situated and that there is no rational basis for the difference in treatment)

184.     Officer Lease acted under color of law.  Her actions were willful, wanton, and malicious.  The phone call for those under arrest is not negotiable.  It is a widely known right.  No reasonable officer believes that it is lawful to deprive one of a phone call.

185.     Officer Lease deprived me of my Fourteenth Amendment right of equal protection of the laws.

# FIFTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

186.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 181-184 with the same force and effect as if herein set forth.

187.     Officer Lease deprived me of my Fourteenth Amendment right of substantive due process.

# FIFTY FOURTH FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

188.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 181-184 with the same force and effect as if herein set forth.

189.     Officer Lease violated C.R.S. 16-3-402.

## FIFTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

190.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 198-199 with the same force and effect as if herein set forth.

191.     By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## FIFTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

192.     I was detained for a second night at the Broomfield Detention Center, and was still being detained on August 27th 2014.

193.     Officer Lease approached my cell with a brown bag. She shook the bag and said: Food? You want food? I continued to exercise my right to remain silent. Rather than slipping the bag through the metal flap in the door, she kept the bag. I still had some food from the previous night. I continued to eat it slowly so it would last and replace the purposefully withheld meal.

194.     C.R.S. 16-3-401 guarantees humane treatment of people in custody including adequate food. Officer Lease acted under color of law. Her withholding the meal was punishment for refusing to speak with the detention officers. I was deprived of my fundamental right to be treated humanely without due process of the law. No reasonable officer would believe that it is lawful to not deliver food to a detainee.

195.     Officer Lease deprived me of my Fourteenth Amendment right of substantive due process.

## FIFTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

196.     I was still being detained in the Broomfield Detention Center on August 27th 2014.

197.     I was taken to speak to a judge. I continued to exercise my right to remain silent. I was taken back to my cell.

198.     Officer John Doe 11 approached me with two Appearance Bond Documents, JDF 370. One was for trespassing and one was for interference. He told me that if I signed one, I could leave the detention center. He gave me a pencil. I told him that I wanted to sign with a pen. He told me that judge said to use a pencil. JDF 370 is a two page document. The second page of

the two documents that were presented to me were identical. This was the page on which the signature would be made. The two documents differed only in the first page. One was for trespassing and one was for interference.

199. At the time I did not know what interference was. Anxious to leave, I signed the trespassing one. Officer John Doe 11 told me that in order to leave, I had to sign the interference one. I told him I would not.

200. I was then finger printed and photographed and sent back into my cell. Subsequently, 4 officers, including John Doe 8, John Doe 12, John Doe 13, and John Doe 14 told me that they were going to transfer me to a hospital. I told them that I wanted the document that I had signed earlier.

201. Officer John Doe 11 falsified the document that I had signed by exchanging the second page of the trespassing document (the one I had signed) with the second page of the interference document (the one that I had not signed). I initially thought that it was an honest mistake, and alerted them to it. However, after double checking with officer John Doe 11, he did not correct the falsification.

202. Officer John Doe 11 forged my signature on the interference Appearance Bond Document. He, with an intent to defraud, which is evidenced by his refusal to correct the falsification after I had alerted him to it, altered and completed, by utilizing a page from another document that had my signature on it, JDF 370, a written instrument officially created by a public office.

203. Officer John Doe 11 acted under color of law. I was deprived of my right to not have my official documents falsified by the detention officers. No reasonable officer would believe that the deception of forgery is an acceptable legal process or practice.

204. Officer John Doe 11's actions were willful, wanton, and malicious. This is evidenced by his repeated acts of deceit.

205. Officer John Doe 11 deprived me of my Fourteenth Amendment right of substantive due process.


# FIFTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

206. I repeat and re-allege and incorporate by reference, the allegations in paragraphs 196-204 with the same force and effect as if herein set forth.

207. Officer John Doe 11 violated C.R.S. 18-5-102.

# FIFTY NINETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

208.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 206-207 with the same force and effect as if herein set forth.

209.     By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# SIXTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

210.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 196-201 with the same force and effect as if herein set forth.

211.     Officers John Doe 8, John Doe 12, John Doe 13, and John Doe 14 asked me if I would cooperate in my transfer to the hospital.  I told them that I wanted the correct document and not the falsified one.  I told them to just give me the first page of the trespassing Appearance Bond Document.

212.     They immediately entered the cell and violently subdued me.  They wrestled me to the ground and handcuffed me.

213.     Officers John Doe 8, John Doe 12, John Doe 13, and John Doe 14 acted under color of law.  They deprived me of my right to not be violently handled and beaten up.  No reasonable officer would not issue a warning to a detainee of having to resort to physical force if the detainee did not comply with an order.

214.     Their actions were willful, wanton, and malicious.  This is evidenced by their eagerness to resort to violence before even notifying me of their plan.

215.     Officer John Doe 11, through proximate cause, also deprived me of my right to not be violently handled and beaten up.  He also acted under color of law.  No reasonable officer would purposefully deceive other officers in order to instigate a violent reaction against a detainee.  He is liable for the consequences, as they were attributable to reasonably foreseeable intervening forces, including this violent act by officers John Doe 8, John Doe 12, John Doe 13, and John Doe 14.

216.      Officer John Doe 11's actions were willful, wanton, and malicious.  This is evidenced by his refusal to simply provide the true document.

217.     Officer John Doe 11 deprived me of my Fourteenth Amendment right of substantive due process.

## SIXTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

218.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 210-214 with the same force and effect as if herein set forth.

219.     Officer John Doe 8 deprived me of my Fourteenth Amendment right of substantive due process.

## SIXTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

220.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 210-214 with the same force and effect as if herein set forth.

221.     Officer John Doe 12 deprived me of my Fourteenth Amendment right of substantive due process.

## SIXTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

222.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 210-214 with the same force and effect as if herein set forth.

223.     Officer John Doe 13 deprived me of my Fourteenth Amendment right of substantive due process.

## SIXTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

224.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 210-214 with the same force and effect as if herein set forth.

225.     Officer John Doe 14 violated my 14thAmendment right.

## SIXTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

226.        I repeat and re-allege and incorporate by reference, the allegations in paragraphs 138-143 with the same force and effect as if herein set forth.

227.        I read the police report filed by Officer Martinez regarding the arrest.  His report stated that: I was violently kicking the cage while I was in the back of officer Fayles' car.

228.        The recording I obtained of the entire incident proves this is not true.

229.        Officer Martinez's falsified police report was intended to push the scales against me in the courts so that I would be imprisoned.  It was a criminal attempt to falsely imprison me since his falsified police report constituted a substantial step toward the commission of this offense.

230.        Officer Martinez's actions were willful, wanton, and malicious.   No human can forget someone violently kicking the cage in the back of a police car.  The willful, wanton, and malicious nature of officer Martinez's actions are further evidenced by his involvement in the unlawful arrest at Broomfield Storage on April 29th 2014, his assault on June 22nd 2014, his assault on July 5th 2014, his unlawful summons and complaint issuance and delivery on July 5th 2014, and his use of excessive force in my arrest on August 25th 2014.

231.        Officer Martinez deprived me of my Fourteenth Amendment right of substantive due process.

## SIXTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

232.        I repeat and re-allege and incorporate by reference, the allegations in paragraphs 226-230 with the same force and effect as if herein set forth.

233.        Officer Martinez violated C.R.S. 18-8-111.

## SIXTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

234.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 232-233 with the same force and effect as if herein set forth.

235.     By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## SIXTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

236.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 226-230 with the same force and effect as if herein set forth.

237.     Officer Martinez violated C.R.S. 18-2-101.

## SIXTY NINETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

238.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 236-237 with the same force and effect as if herein set forth.

239.     By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## SEVENTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

240.     I repeat and re-allege and incorporate by reference, the allegations in paragraphs 226-230 with the same force and effect as if herein set forth.

241.     The trespassing and interference charges were without probable cause and were dismissed by the municipal court.

242.     Officer Martinez and officer Fayles acted under color of law. They maliciously prosecuted me. *See* Albright v. Oliver, 510 U.S. 266,271 (1994) (individual arrested may

premise claim that he was prosecuted without probable cause on the Fourth Amendment). They knew that I never trespassed and I had the right to resist the unlawful arrest. Their actions were willful, wanton, and malicious. This is evidenced by officer Martinez's involvement in the unlawful arrest in Broomfield Storage on April 29th 2014, his assault on June 22nd 2014, his assault on July 5th 2014, his unlawful summons and complaint issuance and delivery on July 5th 2014, and his use of excessive force in my arrest on August 25th 2014. It is also evidenced by officer Fayles' harassment in the Walmart parking lot in mid June 2014.

243.      Officer Martinez deprived me of my Fourth Amendment Right by maliciously prosecuting me for trespassing.

# SEVENTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

244.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 240-242 with the same force and effect as if herein set forth.

245.      Officer Martinez maliciously prosecuted me for trespassing.

# SEVENTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

246.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 244-245 with the same force and effect as if herein set forth.

247.      By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# SEVENTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

248.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 240-242 with the same force and effect as if herein set forth.

249.      Officer Fayles deprived me of my Fourth Amendment right by maliciously prosecuting me for interference.

## SEVENTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

250.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 240-242 with the same force and effect as if herein set forth.

251.    Officer Fayles maliciously prosecuted me for interference.

## SEVENTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

252.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 250-251 with the same force and effect as if herein set forth.

253.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## SEVENTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

254.    On August 30th 2014 at approximately 11:45 pm while parked on the north side of 118th Avenue immediately west of Main Street in Broomfield CO, I was confronted by officer Brewer, officer Fayles, and several other peace officers.  Officer Brewer had turned on his lightbars and parked behind me. I began to record the situation on my phone.

255.    He shouted that I was illegally parked and that I could not be there.  He stated that if I did not speak to him I would be charged with interference.  He said that if I did speak to him, he would let me leave.  He proceeded to write a parking ticket.  Instead of writing the ticket in the name of the owner of the vehicle, as per C.R.S. 42-4-1209, he wrote it with my name.

256.    Officer Brewer continued to persist that I roll down my window.  After approximately 45 minutes, he put the ticket on my windshield, and all the peace officers left.

257.    The peace officers' actions were willful, wanton, and malicious. They knew who I was and wanted to purposefully harass me and keep me on edge.  This is why the ticket was made in my name.  The legal penalty for a parking violation i.e. the parking ticket, is widely known.  It does not require the occupant of the vehicle to speak to the officer, nor can the occupant be charged for interference for choosing not to.

258.    I paid the parking ticket.

259.    Officer Brewer violated C.R.S. 18-9-111.

# SEVENTY SEVENTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

260.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 254-259 with the same force and effect as if herein set forth.

261.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# SEVENTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

262.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 254-258 with the same force and effect as if herein set forth.

263.    Officer Fayles violated C.R.S. 18-9-111.

# SEVENTY NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

264.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 262-263 with the same force and effect as if herein set forth.

265.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# EIGHTIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

266.       On October 3rd 2014 at approximately 4:00 am while parked on the east side of Tellar Street immediately south of 116th Avenue in Broomfield CO, I was startled and awoken by officer John Doe 15. He had turned on his lightbars and parked behind me. He proceeded to aggressively bang on my window. I began to record the situation on my phone. He did not even try to communicate with me. He just continued banging on my window. The ordeal lasted more than 10 minutes.

267.       Officer John Doe 15 acted under color of the law. He assaulted and threatened me with a visible deadly weapon. I was deprived of my fundamental right to not be violently intimidated without due process of the law. All reasonable officers would leave alone the citizen, parked peacefully and lawfully in their car, that did not have probable cause for committing a crime and did not wish to be disturbed.

268.       Officer John Doe 15's actions were willful, wanton, and malicious. Being parked on a public street is not illegal. Peace officers cannot turn on their lightbars and intimidate a citizen if no law has been broken.

269.       Officer John Doe 15 deprived me of my Fourteenth Amendment right of substantive due process.

# EIGHTY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

270.       I repeat and re-allege and incorporate by reference, the allegations in paragraphs 266-268 with the same force and effect as if herein set forth.

271.       Officer John Doe 15 violated C.R.S. 18-3-206 (b).

# EIGHTY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

272.       I repeat and re-allege and incorporate by reference, the allegations in paragraphs 270-271 with the same force and effect as if herein set forth.

273.       By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## EIGHTY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

274.    On November 3rd 2014 at approximately 4:30 am while parked on the north side of 118th Avenue immediately west of Main Street in Broomfield CO, I was awoken by officer John Doe 16, and several other peace officers.  I began to record the situation on my phone.

275.    Officer John Doe 16 kept shouting and asking if I was OK.  He repeatedly asked for me to acknowledge him and confirm that I was OK.  He acknowledged that he had observed me recording him, yet he continued to repeatedly shout for me to nod my head.

276.    Officer John Doe 16 acted under color of law.  He deprived me of my fundamental right to be left in my own peace and privacy.

277.    Officer John Doe 16's actions were willful, wanton, and malicious. His intent was not to provide assistance, but rather to get a reaction from me and prove his ability to force a confrontation.  No reasonable human with a true intent to help an individual would harass after understanding that this individual wants to be left alone.

278.    Officer John Doe 16 deprived me of my Fourteenth Amendment right of substantive due process.

## EIGHTY FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

279.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 274-277 with the same force and effect as if herein set forth.

280.    Officer John Doe 16 violated C.R.S.  18-9-111.

## EIGHTY FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

281.    I repeat and re-allege and incorporate by reference, the allegations in paragraphs 279-280 with the same force and effect as if herein set forth.

282.    By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

## EIGHTY SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

283.      On December 16th 2014 at approximately 8:45 am while parked on the north side of 118th Avenue immediately west of Main Street in Broomfield CO, I was confronted by officer Lingle. I began to record the situation on my phone. Since the temperature was cold, I had the car on so I could turn on the heat.

284.      He shouted that since the car was on, I was in control of a motor vehicle and so therefore had to engage him and show him my license. He said it was Colorado law. He said: do you have a disability? Or do you choose to ignore law enforcement? I remained silent.

285.      Officer Lingle continued to persist that I roll down my window. He acted under color of law. He deprived me of my fundamental right to privacy and to be free from harassment. After approximately 20 minutes, he left. All reasonable officers would leave alone the citizen, parked peacefully and lawfully in their car, that did not have probable cause for committing a crime and did not wish to be disturbed.

286.      Officer Lingle's actions were willful, wanton, and malicious. He knew who I was and my previous interactions with law enforcement in which I chose to remain silent. This is evidenced by his statement about me ignoring law enforcement in general. He wanted to purposefully harass me. He had no reason to approach me in the first place.

287.      Officer Lingle deprived me of my Fourteenth Amendment right of substantive due process.

## EIGHTY SEVENTH FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

288.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 283-286 with the same force and effect as if herein set forth.

289.      Officer Lingle violated C.R.S. 18-9-111.

## EIGHTY EIGHTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

290.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 288-289 with the same force and effect as if herein set forth.

291.      By the doctrine of Respondeat Superior, the municipality of the City and County of Broomfield is liable for failure to train and failure to supervise.

# EIGHTY NINTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

292.      On February 11th 2015 at approximately 10:30 pm while sleeping in my parked car in the parking lot that is behind the following restaurants: Taigun, SD Pizza, and Benni Hana, and that is adjacent to the Walmart parking lot; in Broomfield CO, I was startled and awoken by peace officers Austin and Sorrelles.  There are no signs that prohibit parking.  Peace officer Austin banged aggressively on my window.  I immediately rolled my window down.  He began to question me.  He said: I know you.  He asked what I was doing here.  He asked if I was still homeless.  He told me to give him my license.  He said that the Colorado law states that a citizen must present identification to a peace officer.  I told him that this was not the law.  He said that the car did not belong to me, and he threatened to pull me out of the car and take me to jail.  Officer John Doe 17 arrived to the scene.  He began to take pictures of me with his phone. Officer Sorrelles also took pictures  They tried to open the doors.

293.      The peace officers acted under color of the law.  They threatened to violently seize me.  I was deprived of my fundamental right to not be violently intimidated, physically threatened, and harassed without due process of the law.  All reasonable officers would leave alone the citizen, parked peacefully and lawfully in their car, that did not have probable cause for committing a crime and did not wish to be disturbed.

294.      The peace officers' actions were willful, wanton, and malicious.  Being parked in a parking lot that does not have signs prohibiting parking is not illegal.  Peace officers cannot intimidate a citizen if no law has been broken.

295.      Officer Austin deprived me of my Fourteenth Amendment right of substantive due process.

# NINETIETH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

296.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 292-294 with the same force and effect as if herein set forth.

297.      Officer Sorrelles deprived me of my Fourteenth Amendment right of substantive due process.

## NINETY FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

298.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 292-294 with the same force and effect as if herein set forth.

299.      Officer John Doe 17 deprived me of my Fourteenth Amendment right of substantive due process.

## NINETY SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

300.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 1-299 with the same force and effect as if herein set forth.

301.      The Municipality of the City and County of Broomfield has a custom that encourages it's peace officers to break the law.  This is evidenced by the pattern that emerges from the previously stated allegations in the prior claims.  *See* Monell v. New York City Department of Social Services, 436 U.S. 658, 690-92 (1978) (local governments may be sued for deprivations caused by "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels").  *See* City of St. Louis v. Praprotnik, 485 U.S. 112,127 (1988) (municipal liability may be based on a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law).  The Municipality of the City and County of Broomfield has violated my Fourth Amendment right.

## NINETY THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

302.      I repeat and re-allege and incorporate by reference, the allegations in paragraphs 1-299 with the same force and effect as if herein set forth.

303.      The Municipality of the City and County of Broomfield has a custom that encourages it's peace officers to break the law.  This is evidenced by the pattern that emerges from the previously stated allegations in the prior claims.  *See* Monell v. New York City Department of Social Services, 436 U.S. 658, 690-92 (1978) (local governments may be sued for deprivations caused by "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels").  *See* City of St. Louis v. Praprotnik, 485 U.S. 112,127 (1988) (municipal liability may be based on a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law).  The Municipality of the City and

County of Broomfield has deprived me of my Fourteenth Amendment right of substantive due process.

# REQUEST FOR RELIEF

FIRST CLAIM:
    Compensatory Damages: $80,000
    Punitive Damages: $320,000

SECOND CLAIM:
    Compensatory Damages: $40,000
    Punitive Damages: $160,000

THIRD CLAIM:
    Compensatory Damages: $40,000
    Punitive Damages: $160,000

FOURTH CLAIM:
    Compensatory Damages: $80,000
    Punitive Damages: $320,000

FIFTH CLAIM:
    Compensatory Damages: $20,000

SIXTH CLAIM:
    Compensatory Damages: $20,000

SEVENTH CLAIM:
    Compensatory Damages: $20,000
    Punitive Damages: $80,000

EIGHTH CLAIM:
    Compensatory Damages: $40,000
    Punitive Damages: $160,000

NINTH CLAIM:
    Compensatory Damages: $40,000
    Punitive Damages: $160,000

TENTH CLAIM:
    Compensatory Damages: $40,000
    Punitive Damages: $160,000

ELEVENTH CLAIM:
      Compensatory Damages: $10,000
      Punitive Damages: $40,000

TWELFTH CLAIM:
      Compensatory Damages: $2,500

THIRTEETH CLAIM:
      Compensatory Damages: $2,500

FOURTEENTH CLAIM:
      Compensatory Damages: $10,000
      Punitive Damages: $40,000

FIFTEENTH CLAIM:
      Compensatory Damages: $2,500

SIXTEENTH CLAIM:
      Compensatory Damages: $2,500

SEVENTEENTH CLAIM:
      Compensatory Damages: $10,000
      Punitive Damages: $40,000

EIGHTNEETH CLAIM:
      Compensatory Damages: $10,000
      Punitive Damages: $40,000

NINETEENTH CLAIM:
      Compensatory Damages: $2,500

TWENTIETH CLAIM:
      Compensatory Damages: $2,500

TWENTY FIRST CLAIM:
      Compensatory Damages: $2,500

TWENTY SECOND CLAIM:
      Compensatory Damages: $2,500

TWENTY THIRD CLAIM:
      Compensatory Damages: $2,500
      Punitive Damages: $10,000

TWENTY FOURTH CLAIM:
      Compensatory Damages: $1,500

TWENTY FIFTH CLAIM:
      Compensatory Damages: $1,500

TWENTY SIXTH CLAIM:
>> Compensatory Damages: $20,000
>> Punitive Damages: $80,000

TWENTY SEVENTH CLAIM:
>> Compensatory Damages: $8,500

TWENTY EIGHTH CLAIM:
>> Compensatory Damages: $8,500

TWENTY NINTH CLAIM:
>> Compensatory Damages: $30,000
>> Punitive Damages: $120,000

THIRTIETH CLAIM:
>> Compensatory Damages: $10,000

THIRTY FIRST CLAIM:
>> Compensatory Damages: $10,000

THIRTY SECOND CLAIM:
>> Compensatory Damages: $10,000
>> Punitive Damages: $40,000

THIRTY THIRD CLAIM:
>> Compensatory Damages: $10,000
>> Punitive Damages: $40,000

THIRTY FOURTH CLAIM:
>> Compensatory Damages: $2,500

THIRTY FIFTH CLAIM:
>> Compensatory Damages: $2,500

THIRTY SIXTH CLAIM:
>> Compensatory Damages: $80,000
>> Punitive Damages: $320,000

THIRTY SEVENTH CLAIM:
>> Compensatory Damages: $40,000
>> Punitive Damages: $160,000

THIRTY EIGHTH CLAIM:
>> Compensatory Damages: $40,000
>> Punitive Damages: $160,000

THIRTY NINTH CLAIM:
>> Compensatory Damages: $20,000

FORTIETH CLAIM:
>    Compensatory Damages: $20,000

FORTY FIRST CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FORTY SECOND CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FORTY THIRD CLAIM:
>    Compensatory Damages: $10,000
>    Punitive Damages: $40,000

FORTY FOURTH CLAIM:
>    Compensatory Damages: $10,000
>    Punitive Damages: $40,000

FORTY FIFTH CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FORTY SIXTH CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FORTY SEVENTH CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FORTY EIGHTH CLAIM:
>    Compensatory Damages: $800,000
>    Punitive Damages: $4,000,000

FORTY NINTH CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FIFTIETH CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FIFTY FIRST CLAIM:
>    Compensatory Damages: $40,000
>    Punitive Damages: $160,000

FIFTY SECOND CLAIM:
Compensatory Damages: $60,000
Punitive Damages: $240,000

FIFTY THIRD CLAIM:
Compensatory Damages: $60,000
Punitive Damages: $240,000

FIFTY FOURTH CLAIM:
Compensatory Damages: $20,000

FIFTY FIFTH CLAIM:
Compensatory Damages: $20,000

FIFTY SIXTH CLAIM:
Compensatory Damages: $400,000
Punitive Damages: $2,000,000

FIFTY SEVENTH CLAIM:
Compensatory Damages: $40,000
Punitive Damages: $160,000

FIFTY EIGHTH CLAIM:
Compensatory Damages: $5,000

FIFTY NINTH CLAIM:
Compensatory Damages: $5,000

SIXTIETH CLAIM:
Compensatory Damages: $500,000
Punitive Damages: $2,000,000

SIXTYT FIRST CLAIM:
Compensatory Damages: $500,000
Punitive Damages: $2,000,000

SIXTY SECOND CLAIM:
Compensatory Damages: $500,000
Punitive Damages: $2,000,000

SIXTY THIRD CLAIM:
Compensatory Damages: $500,000
Punitive Damages: $2,000,000

SIXTY FOURTH CLAIM:
Compensatory Damages: $500,000
Punitive Damages: $2,000,000

SIXTY FIFTH CLAIM:
 Compensatory Damages: $40,000
 Punitive Damages: $160,000

SIXTY SIXTH THIRD CLAIM:
 Compensatory Damages: $10,000

SIXTY SEVENTH THIRD CLAIM:
 Compensatory Damages: $10,000

SIXTY EIGHTH CLAIM:
 Compensatory Damages: $10,000

SIXTY  NINTH THIRD CLAIM:
 Compensatory Damages: $10,000

SEVENTIETH CLAIM:
 Compensatory Damages: 5,000
 Punitive Damages: $20,000

SEVENTY FIRST CLAIM:
 Compensatory Damages: $1,250

SEVENTY SECOND CLAIM:
 Compensatory Damages: $1,250

 SEVENTY THIRD CLAIM:
 Compensatory Damages: $5,000
 Punitive Damages: $20,000

SEVENTY FOURTH CLAIM:
 Compensatory Damages: $1,250

SEVENTY FIFTH CLAIM:
 Compensatory Damages: $1,250

SEVENTY SIXTH CLAIM:
 Compensatory Damages: $1,250

SEVENTY SEVENTH CLAIM:
 Compensatory Damages: $1,250

SEVENTY EIGHTH CLAIM:
 Compensatory Damages: $1,250

SEVENTY NINTH CLAIM:
 Compensatory Damages: $1,250

EIGHTYTH CLAIM:
Compensatory Damages: $10,000
Punitive Damages: $40,000

EIGHTY FIRST CLAIM:
Compensatory Damages: $2,500

EIGHTY SECOND CLAIM:
Compensatory Damages: $2,500

EIGHTY THIRD CLAIM:
Compensatory Damages: $5,000
Punitive Damages: $20,000

EIGHTY FOURTH CLAIM:
Compensatory Damages: $1,250

EIGHTY FIFTH CLAIM:
Compensatory Damages: $1,250

EIGHTY SIXTH CLAIM:
Compensatory Damages: $5,000
Punitive Damages: $20,000

EIGHTY SEVENTH CLAIM:
Compensatory Damages: $1,250

EIGHTY EIGHTH CLAIM:
Compensatory Damages: $1,250

EIGHTY NINTH CLAIM:
Compensatory Damages: $10,000
Punitive Damages: $40,000

NINETIETH CLAIM:
Compensatory Damages: $10,000
Punitive Damages: $40,000

NINETY FIRST CLAIM:
Compensatory Damages: $10,000
Punitive Damages: $40,000

NINETY SECOND CLAIM:
Compensatory Damages: $1,800,000

NINETY THIRD CLAIM:
Compensatory Damages: $18,010,000

~~REQUEST FOR RELIEF~~

~~Plaintiff requests the following relief~~:

Date: April 1 2015

Mason Rahli
(Plaintiff's Original Signature)

PO Box 6664 Broomfield CO 80021
(Street Address)

Broomfield CO 80021
(City, State, ZIP)

720 231 8756.
(Telephone Number)

~~(Rev. 11/06)~~