IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00681-CMA-MJW

MAZEN ARAKJI,

Plaintiff,

v.

MARTINEZ,
BECKER,
BREWER,
FAYLES,
LEASE,
LINGLE,
SORRELLES,
AUSTIN,
JOHN DOES 1 - 19, and
BROOMFIELD CITY AND COUNTY,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion for a Stay of the Order Overruling Plaintiff's Objections to Magistrate's Orders Pending Appeal **(Docket No. 73) is DENIED**, and that Plaintiff's Motion for a Stay of the Order Overruling Plaintiff's Objections to Magistrate's Orders Pending Appeal **(Docket No. 76) is DENIED AS DUPLICATIVE**.

Background

On April 30, 2015, I denied Plaintiff's motion for default judgment. (Docket Nos. 20, 27.)  Plaintiff's motion was filed before the relevant defendants answered the complaint, but it came after they entered an appearance and moved for an extension of time.  Plaintiff filed an objection with Judge Arguello, arguing that because the Court had not yet granted the extension of time, default should have been entered. (Docket No. 50.)  Judge Arguello overruled the objection. (Docket No. 69.)

On May 22, 2015, I granted Plaintiff's motion for early initial disclosures, ordering both sides to make their initial disclosures. (Docket Nos. 45, 58.)  Plaintiff filed an objection with Judge Arguello, arguing that only Defendants should have to make their

initial disclosures early.  (Docket No. 64.)  Judge Arguello overruled the objection.  (Docket No. 69.)

Plaintiff has noted an appeal to the Tenth Circuit, and Plaintiff now seeks a stay of Judge Arguello's order.  Plaintiff does not explain what sort of a stay he seeks; presumably, he does not seek a total stay of proceedings.  I interpret his request for a stay of Judge Arguello's order as, at bottom, a request for relief from the Court's May 22, 2015, order compelling him to provide initial disclosures.

## Discussion

The motion therefore falls under D.C.COLO.LCivR 30.2(b), addressing relief from a magistrate's discovery orders.  That rule provides:

> Objection to Discovery Order by Magistrate Judge.  An objection under Fed. R. Civ. P. 72(a) to an order by a magistrate judge concerning discovery does not stay the discovery to which the order is directed.  A stay of the order shall be obtained by motion filed with the magistrate judge, and if denied, then with the assigned district judge.

"A stay of a magistrate judge's discovery order should be granted sparingly." *HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Trust*, No. 09-cv-00028-MWK-BNB, 2009 WL 250364, at *1 (D. Colo. Feb. 3, 2009).  To do otherwise would undermine the efficiency interests underlying the order of referral in the first place.  *Id.*  "A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay." *Id.* at *2.  Factors that may be relevant are:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

*COPIC Ins. Co. v. Wells Fargo Bank, N.A.*, Case No. 09-cv-00041-WDM-BNB, 2010 WL 935646, at *2 (D. Colo. Mar. 11, 2010); *see also Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1126–27 (D. Colo. 2011) (applying similar standards for appellate stays from *Nken v. Holder*, 556 U.S. 418, 425–26 (2009), to request for stay during objections to district judge of magistrate's order); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (establishing similar factors for general stay of discovery).

All of these factors weigh against Plaintiff or are neutral.  (1)  His appeal to the Tenth Circuit is not an appeal from a final appealable order and almost certainly will not be certified as an interlocutory appeal; it therefore has virtually no chance of success. (2)  There is no irreparable harm to Plaintiff from making his initial disclosures; we are now at the point where they are not only no longer early, but are in fact late, and despite

Plaintiff's argument to the contrary it is quite routine for initial disclosures to be made before pleadings are closed.  (3) Defendants continue to be harmed by Plaintiff's delay, as they have been unable to progress this case.  (4) The public interest is probably neutral, though the public does have an interest in avoiding interminable delays in litigation.

     Plaintiff does not come close to meeting the standard for staying a magistrate's discovery order pending appeal.

     The Court notes that Plaintiff cites Federal Rule of Appellate Procedure 8(a)(1) in his motions.  The analysis under that rule looks to the same factors, *see Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001), and comes to the same conclusion.

Date: June 23, 2015