**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00681-CMA

MAZEN ARAKJI,

    Plaintiff,

v.

CLIFF HESS,
ANDREW MARTINEZ,
ROBERT BREWER,
CHRISTOPHER FAYLES,
TRACEY LEESE,
JASON LINGLE,
BRENDA SORRELES,
STEVE AUSTIN,
DAN McQUEEN,
ERIC FREDRICK,
NEIL MARTINEZ,
VINCENT LOPEZ,
DESHAWN ABRAM, John Doe 6 and John Doe 7,
HERMAN HEARD,
PAUL SEGURA,
KARL FORD,
SHAWN LAUGHLIN,
MARK THOMPSON,
ANDREW JOHNSON,
DWITAMA SUMARSAM,
SCOTT LAFLEUR,
HEIDI WALTS,
JASON HEBRARD,
STEVE FRANZ,
CHRIS KEARNS,
HEIDI SCOTT, and
BROOMFIELD CITY AND COUNTY,

    Defendants.

## ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

The matter before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint.  (Doc. # 127.)  For the following reasons, the Court denies Plaintiff's motion.

On April 1, 2015, Plaintiff filed a complaint.  (Doc. # 1.)  On June 25, 2015, Magistrate Judge Watanabe issued a minute order granting Plaintiff's motion for leave to file a second amended complaint, stating that, because a motion to dismiss was not yet filed by any defendant, he would "not prejudge the issue in the context of this motion."  (Doc. # 83.)  That same day, Plaintiff's Second Amended Complaint was accepted for filing.  (*Id.*)  Plaintiff's Second Amended Complaint is fifty-two pages and alleges ninety-four claims against twenty-nine defendants.  (Doc. # 84.)  On July 16, 2015, Defendant Broomfield City and County ("Broomfield") filed a Motion to Dismiss Plaintiff's Second Amended Complaint.  (Doc. # 102.)  On July 22, 2015, Plaintiff responded to the Motion to Dismiss; and Defendant Broomfield replied on August 5, 2015.  (Docs. ## 105; 120.)  Additionally, on July 30, 2015, Defendants Clint Hess, Andrew Martinez, Robert Brewer, Christopher Fayles, Tracey Leese, Jason Lingle, Brenda Sorreles, Steve Austin, Eric Frederick, Neil Martinez, Herman Heard, Paul Segura, Shawn Laughlin, Mark Thompson, Andrew Johnson, Dwitama Sumarsam, Scott LaFleur, Heidi Walts, Jason Hebrand, Steve Franz, Chris Kearns, Deshawn Abram, Vincent Lopez, and Heidi Scott filed an Answer to Plaintiff's Second Amended Complaint.  (Doc. # 119.)

On August 28, Plaintiff filed the instant motion requesting leave to file a Third Amended Complaint.  (Doc. # 127.)  Plaintiff proposes the following amendments to his complaint: (1) adding a claim against Broomfield peace officer Del Gardo for unlawfully directing "no camping in Broomfield" orders upon citizens; (2) replacing Colorado Revised Statutes sections 16-2-104 and 16-2-109 with Rule 204 of the Colorado Municipal Court Rules of Procedure; (3) substantially changing claims 48 and 49 because Plaintiff's "memory [was] incorrect" and he claims to have been "violently assaulted in those instances"; and (4) adding a claim against Defendant Broomfield that "deals with the detention center policy of only saving video recordings of violent incidents."  All defendants oppose Plaintiff's motion to amend.  (Docs. ## 131; 132; 133.)

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  While Fed. R. Civ. P. 15(a)(2) requires leave to amend be given freely, a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (internal citation omitted).  Untimeliness alone is an adequate reason to

refuse leave to amend. *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

In the instant case, Plaintiff filed a motion for leave to file a third amended complaint after Defendant Broomfield's motion to dismiss was ripe and after twenty-four Defendants filed an answer to his Second Amended Complaint. On September 21, 2015, Defendant Karl Ford also filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. # 134.) The Defendants have expended substantial time and effort in responding to Plaintiff's Second Amended Complaint, which consists of ninety-four claims. Plaintiff does not explain why his amendments were not completed with previous iterations of his complaint, except for stating that the amendments to claims 48 and 49 were due to his viewing of the detention center video footage, which was provided to him in an initial disclosure. Plaintiff fails to state when he received the video footage and why the proposed amendment is necessary. *Thomas v. City of Bartlesville*, No. 11-cv-0389, 2012 WL 1621398, at *2 (N.D. Okla. May 9, 2012) (denying plaintiff's motion for leave to file second amended complaint because plaintiff failed to explain why his proposed amendments were necessary and failed to adequately describe the factual and legal basis for his proposed amendments). Additionally, Plaintiff's one-page motion fails to explain the basis for believing that his proposed claims would have any merit. *Wolf v. Cnty. of Gilpin*, No. 10-cv-01456, 2010 WL 5094043, at *1 (D. Colo. Dec. 8, 2010). The Court denies Plaintiff's motion to amend because a third-amended complaint would be unduly prejudicial to the Defendants, was submitted after undue delay, and Plaintiff fails to adequately explain why he failed to include these

amendments when he filed his Second Amended Complaint. *Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (concluding that district court did not abuse its discretion in denying plaintiff's motion to amend because plaintiff failed to provide an adequate explanation for her delay in seeking the amendment).

Accordingly, the Court ORDERS that Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. # 127) is DENIED.

DATED:  November 16, 2015

                                              BY THE COURT:

                                              */s/ Christine M. Arguello*
                                              _____
                                              CHRISTINE M. ARGUELLO
                                              United States District Judge