**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00681-CMA-MJW

MAZEN ARAKJI,

      Plaintiff,

v.

CLIFF HESS,
ANDREW MARTINEZ,
ROBERT BREWER,
CHRISTOPHER FAYLES,
TRACEY LEESE,
JASON LINGLE,
BRENDA SORRELES,
STEVE AUSTIN,
DANMCQUEEN,
ERIC FREDRICK,
NEIL MARTINEZ,
VINCENT LOPEZ,
DESHAWN ABRAM, John Doe 6 and John Doe 7,
HERMAN HEARD,
PAUL SEGURA,
KARL FORD,
SHAWN LAUGHLIN,
MARK THOMPSON,
ANDREW JOHNSON,
DWITAMA SUMARSAM,
SCOTT LAFLEUR,
HEIDI WALTS,
JASON HEBRARD,
STEVE FRANZ,
CHRIS KEARNS,
HEIDI SCOTT, and
BROOMFIELD CITY AND COUNTY

      Defendants.

_____

**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE**

_____

This matter is before the Court *sua sponte*, in light of the February 16, 2016 Order to Show Cause (Doc. # 145.)  For the following reasons, this Court dismisses this case with prejudice for failure to prosecute.

## I.  BACKGROUND

On April 1, 2015, Plaintiff initiated this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983.  On November 20, 2015, this Court modified its scheduling order, setting a January 30, 2016 deadline for discovery and a February 29, 2016 deadline for dispositive motions.  (Doc. # 139.)  Pursuant to the modified scheduling order, counsel for Defendants contacted Plaintiff via e-mail on December 2, 2015 regarding the need to schedule Plaintiff's deposition.  (Doc. # 142 at 2.)  Defendants' counsel also provided a Notice of Deposition, indicating a date, time, and place for the deposition, and asked Plaintiff to indicate if there was any problem with the chosen date.  (*Id.)*  According to an electronic service notification, the e-mail was successfully relayed to Plaintiff's e-mail account.  (*Id.*)  Plaintiff never responded.  (*Id*. at 3.)

On or about December 10, 2015, counsel for Defendants sent a follow up e-mail to a second address on file.  (*Id.*)  Electronic service notification confirmed that the e-mail was delivered successfully.  (*Id.*)  On the same day, a copy of the Notice of Deposition was sent via regular mail to Plaintiff's PO Box, the only physical address for Plaintiff on file with this Court.  (*Id.*)  Plaintiff did not respond to either communication.

On January 4, 2016, the day before the scheduled deposition, counsel for Defendants sent a final e-mail reminder to Plaintiff.  (*Id.*)  Electronic service notification confirmed that the e-mail was delivered successfully.  (*Id.*)  Again, Plaintiff did not respond.  (*Id.*)

On the appointed date, defense counsel and several of the individually named Defendants appeared for Plaintiff's deposition.  (*Id*. at 3-4.)  Plaintiff did not appear, and sent no communications concerning his failure to appear.  (*Id*. at 4.)

Defendants submit that they have received no communications from Plaintiff for the "last few months."  (*Id*.)  Plaintiff last communicated with this Court on September 3, 2015.  (Doc. # 130.)  On December 3, 2015, this Court offered to appoint pro bono counsel pursuant to D.C.COLO.LAttyR 15, directing Plaintiff to file a motion for appointment of counsel no later than December 10, 2015.  (Doc. # 141.)  Plaintiff failed to make any such motion.

On February 16, 2016, this Court issued an order to show cause, directing Plaintiff to show on or before February 23, 2016 "why this action and Complaint should not be dismissed for failure to prosecute; failure to appear for his deposition on January 5, 2016; and failure to comply with Federal Rules of Civil Procedure."  (Doc. # 145.) Plaintiff did not respond.

## II.  LEGAL STANDARD AND DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a court can dismiss an action *sua sponte* for failure to prosecute or to comply with the court's orders.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  A court may dismiss a case for failure to prosecute after considering the following criteria: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the

court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id*. "Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (citation omitted).

In the instant case, all of the *Ehrenhaus* factors weigh strongly in favor of dismissal. First, Plaintiff's disappearance from this litigation has substantially prejudiced the Defendants. Counsel spent time and incurred substantial costs to prepare for a deposition that Plaintiff apparently ignored. (Doc. 142 at 5.) It would further waste Defendants' time and resources to require continued defense when it appears that Plaintiff is either unwilling or unable to continue the case. *See Williams v. Ocwen Loan Servicing, LLC*, No. 10-cv-01578-WJM-KLM, 2011 WL 1595991, at *2 (D. Colo. March 15, 2011) (holding that a plaintiff's neglect of the case prejudiced defendants because defendants expended time and resources to prepare motions and it would have further wasted defendant's time and resources to require it to continue to defend the action); s*ee also U.S. v. $72,100 in U.S. Currency*, No. 08-4085, 2009 WL 247837, at *5 (10th Cir. Feb. 3, 2009) (affirming the district court's holding that an appellant's failure to comply with court ordered discovery wasted judicial resources and warranted dismissal).

Second, Plaintiff's failure to prosecute this case, and specifically his failure to attend his deposition and respond to this Court's order to show cause, necessarily interfered with the effective administration of justice. A court has the authority to impose the sanction of dismissal for failing to obey court orders. *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). Plaintiff's failure to respond to the order to show cause evidenced a lack of respect and increased the workload of this Court. *See Lynn v. Roberts*, No. 01–cv–3422–MLB, 2006 WL 2850273, at *7 (D. Kan. Oct.4, 2006) (plaintiff's failure to follow procedural rules and court orders interfered with the judicial process because it "required the court to expend extra time and resources to deal with his repeated violations," including the additional time and expense required to produce the order of dismissal.)

Third, Plaintiff is solely responsible for what can only be described as inexcusable delays in this case. Counsel for Defendants made repeated good-faith attempts to contact Plaintiff, using multiple e-mail addresses and conventional mail. While this Court recognizes that Plaintiff is proceeding *pro se*, a lack of legal training neither explains nor justifies his nonresponsive and disrespectful behavior.

Fourth, this Court explicitly warned Plaintiff that dismissal with prejudice might result from his failure to respond to the order to show cause. (Doc. # 145.) That this Court warned Plaintiff of this outcome is beyond dispute.

Fifth, although dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," *Ehrenhaus*, 965 F.2d at 920, the Court believes that no other sanction will be effective to deter Plaintiff's pattern of impermissible conduct. *See*

*Rizzuto v. WYSE Financial Serv., Inc.*, No. 12–cv–01203–CMA–KMT, 2013 WL

1461583, at *2 (March 18, 2013), *aff'd* 2013 WL 1461545 (D. Colo., Apr. 09, 2013)

(dismissing with prejudice for failure to prosecute where plaintiff failed to respond to an

order to show cause and failed to comply with court orders to file status reports); *Ramon*

*v. City of Denver*, No. 08–cv–00433–CMA–KMT, 2011 WL 222319, at *3 (Jan. 21,

2011) (plaintiff's failure to provide disclosures and complete discovery pursuant to a

court order "should not be tolerated" and no other sanction short of dismissal with

prejudice was appropriate).  *See also* 9 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 2369, at 576–77n.1 (3d ed.2008); D.C.COLO.LCivR 41.1 ("If

good cause is not shown within the time set in the show cause order, a district judge or

magistrate judge exercising consent may enter an order of dismissal with or without

prejudice.").  It appears that Plaintiff is no longer capable of or interested in prosecuting

his case.  *See Garcia v. Graves*, No. 12-cv-02718-WJM-KLM, 2013 WL 6670055, at *3

(D. Colo. Nov. 18, 2013).  The deadline for discovery in this case has passed and the

deadline for dispositive motions is fast approaching.  Even if this Court ordered lesser

sanctions and asked Defendants to reschedule Plaintiff's deposition, there is no

evidence to suggest Plaintiff would attend or otherwise participate in this litigation.

Because the *Ehrenhaus* factors weigh strongly in favor of dismissal, dismissal

with prejudice is an appropriate sanction for Plaintiff's failure to prosecute this suit.

## III.  CONCLUSION

Accordingly, it is hereby ORDERED that this case is DISMISSED WITH

PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to prosecute. It is

FURTHER ORDERED that Defendant Karl Ford's Motion to Dismiss (Doc. # 134), Defendants' Joint Motion for Sanctions (Doc. # 142), and Defendants' Second Motion to Reset Scheduling Order (Doc. # 144) are DENIED AS MOOT.

DATED:  February 25, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge